UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Case No. 21-mj-173 |
| **WILLIAM MERRY,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' UNOPPOSED MOTION TO CONTINUE THE PRELIMINARY HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court for a 60-day continuance of the preliminary hearing in the above-captioned matter, and further to exclude the time within which an information must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until the rescheduled hearing on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Government counsel has consulted with defense counsel, and defense counsel does not oppose the government's motion to continue the preliminary hearing 60 days and exclude the time until the next hearing under the Speedy Trial Act.

In support of its motion, the government states as follows:

1. This matter is set for a preliminary hearing on June 10, 2021.

2. The government has produced preliminary discovery in this matter, including several videos and photographs of the Defendant inside and outside the Capitol. The government has also engaged in extensive discussions with defense counsel regarding outstanding discovery, including electronic data from devices seized during the execution of a search warrant on the

Defendant's residence, which is currently in filter review—and the logistics of producing such discovery.

3. The government is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of Brady v. Maryland, 373 U.S. 83, 87 (1963), Giglio v. United States, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500.

4. In addition, the parties have begun discussions of a pretrial resolution of this matter. Additional time is needed, however, for the parties to produce and review discovery and continue plea negotiations and potentially reach an agreement.

Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

WHEREFORE, the government respectfully requests that this Court grant the motion for a 60-day continuance of the preliminary hearing in the above-captioned matter, and that the Court exclude the time within which an information must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until the rescheduled hearing on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: _____/s/_____
Jessica Arco
Trial Attorney-Detailee
DC Bar No. 1035204
555 4th Street, NW
Washington, DC 20530
202-532-3867
Jessica.arco@usdoj.gov

Dated: June 4, 2021